UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDY CAMPOLATTARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-222-GSL-AZ |
| ) | |
| WILLIAMSBURG MANOR, et al., ) | |
| ) | |
| Defendants. ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on motions to dismiss filed by Defendant Barbara Grant [DE 6] and by Defendants Jen Miner, Nadia Rodriguez, Thomas Santefort, Santefort Neighborhoods[1], and Williamsburg Manor [DE 14]. After these motions were fully briefed, they were referred to me by the presiding District Court Judge on September 19, 2025, for a report and recommendation. *See* DE 23.

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court **RECCOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** the Defendants' motions to dismiss [DE 6 and DE 14] and **DISMISS** the case because the Court lacks subject matter jurisdiction.

---

[1] In her original pro se complaint, DE 1, Plaintiff listed this Defendant as "Santefort Neighbors." She then later filed a statement with the Court asking that the entity's name be corrected to "Santefort Neighbors." *See* DE 13. Because the Court is recommending that this matter be dismissed for lack of subject matter jurisdiction, it will defer ruling on this motion to correct what amounts to a scrivener's error in Plaintiff's original complaint.

## Background

This case stems from an underlying landlord-tenant dispute between Plaintiff Brandy Campolattara, who is proceeding pro se and without the aid of a lawyer, and a host of Defendants, including the mobile home park where Campolattara lived, some of its owners, several employees, and the lawyer who represented the mobile home park in filing possession and eviction proceedings against Campolattara in state court. For ease of reference, I will refer to Defendants Jen Miner, Nadia Rodriguez, Thomas Santefort, Santefort Neighborhoods, and Williamsburg Manor as "the Santefort Defendants" and Defendant Barbara Grant (the lawyer) as Defendant Grant as necessary but primarily group them all together as Defendants for purposes of this opinion. In essence, Plaintiff's claim is that her lease was not renewed and she later had possession and eviction proceedings instituted against her in retaliation for her complaining about overgrown tree roots on the property and contacting state environmental officials to address the problem.

Plaintiff alleges that in February 2024 she had issues with tree roots overgrowing and damaging the sewer and water lines that were connected to her home. DE 1 (Pl.'s Pro Se Compl.) at 2. This resulted in raw sewage overflowing underneath her mobile home. Her landlord cleaned up the sewage but when the problem reoccurred in July 2024, she says she was told that she would have to pay to address the problem of the tree roots damaging the sewage lines. *Id.* at 2-3. Rather than pay out of pocket for something that she felt was not her responsibility, Plaintiff contacted state environmental and health officials about the problem. An investigator

2

came out and Plaintiff says she walked around the park with the investigator and took photos documenting the problems. She then says she went to discuss the issue with the office, and she was told it was her responsibility to maintain the trees, including their roots. *Id.* at 3.

After that is when Plaintiff alleges the retaliation began. In November 2024, she received a notice on her door that her lease was not being renewed (it ended on December 31, 2024) and that she would need to vacate within two months. Plaintiff says she had lived there for more than 20 years and never had any issues before contacting governmental officials about the tree roots and the sewer lines leading to her home. Plaintiff did not vacate the premises as instructed, and instead she sued her landlord in state court. Later, the landlord, through Defendant Grant, instituted eviction proceedings against Plaintiff. Plaintiff seeks to recover approximately $1 million for her ordeal.

Typically a motion to dismiss is decided only on the allegations contained in the pleadings, but "[a] court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). "Taking judicial notice of matters of public record need

3

not convert a motion to dismiss into a motion for summary judgment." *Ennenga*, 677 F.3d at 773.

In her response to the motion to dismiss, Plaintiff has included an "Order on Possession Hearing of May 16, 2025" issued by the Superior Court of Porter County on June 25, 2025. *See* DE 17-1 at 1-3. In that Order, the Superior Court of Porter Count found that Plaintiff's landlord had complied with the statutory requirements for nonrenewal of a lease and ordered that "Campolattara shall vacate and turn over possession of the property located at 21 Colonial Avenue, Valparaiso, Indiana on or before September 25, 2025 at 4:00 p.m." *Id.* In sum, Plaintiff lost her state court case against many of these same Defendants. This court order is the type of public records which the Court may take judicial notice "of the indisputable facts that those documents exist, they say what they say, and they have had legal consequences," but not "as proof of disputed facts in any other sense." *Indep. Tr. Corp v. Steward Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). The Court thus takes judicial notice of the fact that Plaintiff has now been evicted from her home after litigating that issue in state court. Nevertheless, Plaintiff maintains her claim for "retaliation" against all Defendants without invoking any statute or constitutional provision.

## Analysis

To survive a motion to dismiss, a "complaint must contain allegations that collectively 'state a claim to relief that is plausible on its face.'" *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will "accept all well-pleaded allegations

4

of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys.*, 930 F.3d at 821. But "[l]egal conclusions," such as boilerplate assertions that Defendants violated Plaintiff's rights, "do not get the same benefit"; and the Court can disregard those. *Id.* (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). "If the well-pleaded allegations plausibly suggest—as opposed to possibly suggest—that the plaintiffs are entitled to relief, the case enters discovery," otherwise "dismissal is appropriate." *Id.* (citations omitted).

But before the Court can address the substance of Plaintiff's allegations and determine whether they state a claim, the Court must address Defendants' argument that this Court lacks subject matter jurisdiction over this case. Because "the first and fundamental question" in federal litigation "is that of jurisdiction," the Court must decide that issue before proceeding. *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[T]he Supreme Court has long instructed, federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Only if the Court is satisfied that it has jurisdiction over the dispute, can it exercise it by weighing in on the merits and substance of the allegations. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

5

"Federal district courts are courts of limited jurisdiction; '[t]hey possess only that power authorized by Constitution and statute.'" *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005)). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Id.* (citing 28 U.S.C. §§ 1331–32). Thus, unless Plaintiff's complaint falls into one of those two categories, her action must be dismissed for lack of jurisdiction.

The Court will address federal question jurisdiction first. Plaintiff's sole claim in this lawsuit is that she was retaliated against but she does not cite or reference any specific Indiana or federal statute that she says is implicated by Defendants' actions. Instead, she alleges in conclusory fashion that "Federal and state law" holds that "landlords cannot retaliate against someone by non-renewal of lease or eviction for exercising their rights [of] contacting a government agency." DE 1 at 4. But merely stating that federal law prohibits "retaliation," without more is insufficient to invoke this Court's federal question jurisdiction. *See, e.g.*, *Bennett v. Robinhood Fin. LLC*, 2025 WL 1079547, at *2 (N.D. Ill. Apr. 10, 2025) (denying to vacate dismissal of lawsuit for lack of jurisdiction where complaint only made "mere reference to a federal statute, wholly devoid from any factual allegations"). Nor is there any general federal statutory or constitutional "right to housing" that would be implicated by Plaintiff's claims. *See, e.g.*, *Barilani v. Hous. Auth. of City of Eau Claire*, 2022 WL 392458, at *2 (W.D. Wis. Feb. 9, 2022) ("The Federal Housing Act does not confer an

enforceable right to housing [and] … ordinary tortious conduct does not violate the Constitution."). As a pro se litigant, the Court does not expect Plaintiff to plead her case with all the finesse and specificity of a professionally trained lawyer, but it cannot create a federal right or cause of action out of thin air to allow Plaintiff's claim to proceed in this forum. Without any federal question implicated by Plaintiff's allegations, there is no federal question subject matter jurisdiction over this dispute.

That leaves diversity of citizenship as the sole basis by which Plaintiff may bring her case in this Court. Federal diversity jurisdiction has two requirements. First, the action must be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state," and second, the "amount in controversy" must be more than $75,000. 28 U.S.C. § 1332(a). Taking as true Plaintiff's allegations that she has suffered nearly $1 million in damages and reasonably assuming that the value of her mobile home and the costs of relocation could plausibly be more than $75,000, the Court will assume the amount-in-controversy element as satisfied. In her complaint, Plaintiff lists her address as being in Valparaiso, Indiana. DE 1 at 1. While one of the Defendants (Thomas Santefort) is listed as a citizen of Illinois, all of the other Defendants appear to be citizens of Indiana, residing in either Valparaiso or Chesteron, Indiana. *Id.* In order to satisfy diversity jurisdiction there must be *complete diversity* between the parties. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In other words, at a minimum, the Plaintiff must be a citizen of a different state than all of the Defendants. That is not the case based on the face of Plaintiff's complaint.

In her response to Defendants' motions to dismiss, Plaintiff states that she "would like to amend my claim from E.P.A. to I.D.H. (Indiana Department of Health)," to amend the name of "Williamsburg Manor" to "Williamsburg Manor MHC," and amend the references to "eviction" to "non-renewal of lease." While the Court appreciates Plaintiff's efforts to ensure her pleadings use accurate names, they do not move the needle in terms of the fundamental issue of a lack of subject matter jurisdiction. Plaintiff further attaches numerous documents including transcripts of proceedings in the Superior Court of Porter County where the eviction case was pending, as well as correspondence between her and attorneys for at least some of the Defendants relating to efforts to try to settle all of pending litigation, and other communications between her and what appear to be representatives of the mobile home park where she was residing. *See* DE 17, 19. While some of these documents may shed light on Plaintiff's allegations and provide context, there is nothing on their face which would establish subject matter jurisdiction. The same is true as to the "paperwork showing gross negligence, and conduct of the porter county courts and Attorney Barbara Grant" that Plaintiff attached to her Notice of Change of Address. *See* DE 25.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires that pleadings take the form of "a short and plain statement" establishing jurisdiction and that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Attaching voluminous documents as a proposed amendment does not comply with Rule 8(a)'s requirements. Those documents could be evidence in a trial or other proceeding—although their

8

admissibility and relevance are far from clear and not an issue before the Court—but they are not *pleadings*. And it is not the Court's job to review prospective evidence and try to craft a complaint for a plaintiff, even one who is proceeding *pro se*.

Because the Court is recommending dismissal of Plaintiff's case for a lack of federal subject matter jurisdiction, it will not elaborate on the substance or merits of Plaintiff's allegations or the unnecessary quibbles that Defendants raise with regard to how Plaintiff filled out *pro se* paperwork in this Court. Those arguments, much like the documents Plaintiff attached to her response to the motions to dismiss, do not move the needle on the fundamental issue of subject matter jurisdiction. Finally, because the Court is recommending dismissal, it will not address the Defendants' two motions to strike Plaintiff's supplemental filings as they will be mooted by resolution of the motions to dismiss. *See* DE 26, 27.

## Conclusion

For the reasons discussed, the Court **RECCOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** Defendants' motions to dismiss [DE 6, 14] and **DISMISS** this case without prejudice for lack of subject matter jurisdiction.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*,

506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

So ORDERED on this 29th day of October 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT