UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDY CAMPOLATTARA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAMSBURG MANOR, et al.,<br><br>    Defendants. | Case No. 2:25-CV-222-GSL-AZ |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Abizer Zanzi's Report and Recommendation, [DE 28], entered on November 3, 2025. For the reasons more fully explained in his Report, Judge Zanzi recommends that the Court grant Defendants' Motions to Dismiss and dismiss the case for lack of subject matter jurisdiction. Having reviewed both Judge Zanzi's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation, [DE 28], in its entirety and **GRANTS** Defendants' Motions to Dismiss, [DE 6; DE 14]. The clerk is directed to moot all other motions and close the case.

## DISCUSSION

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022). *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill

this obligation simply by "inform[ing] [this court] that he has conducted a *de novo* review." *Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, Plaintiff filed her objections on November 12, 2025, at [DE 30], which the Court will review *de novo*. She first requested 90 days to find an attorney to assist with her retaliation claim, which is not an objection at all. She then stated she was "submitting the DOJ paperwork. There is No Jurisdiction for Federal Courts. Retaliation is considered Discrimination within the Federal and Supreme Court." [*Id.*]. The Court never received any such paperwork. It appears from these statements Plaintiff is contesting this Court's jurisdiction over her claims. However, Judge Zanzi found that this Court lacked jurisdiction because retaliation is not a federal cause of action nor is diversity jurisdiction satisfied here. This Court agrees with those findings. Beyond Plaintiff's objections, this Court reviewed Judge Zanzi's findings for clear error and found none.

## CONCLUSION

Having reviewed both Judge Zanzi's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation, [DE 28], in its entirety and **GRANTS** Defendants' Motions to Dismiss, [DE 6; DE 14]. The clerk is directed to moot all other motions and close the case.

SO ORDERED.

ENTERED: November 17, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court